USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
               :
ABRAHAM BULLOCK,               :
                            Plaintiff,  :
               :          17 Civ. 5657 (LGS)
       -against-                :
               :          **OPINION AND ORDER**
CAROLYN W. COLVIN,           :
                            Defendant.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Abraham Bullock filed this action against the Commissioner (the "Commissioner") of the Social Security Administration (the "SSA") on July 25, 2017, seeking review of the final decision of an Administrative Law Judge ("ALJ") denying him benefits under the Social Security Act ("the Act"). Before the Court is a Report and Recommendation of Magistrate Judge Kevin Fox (the "Report"), recommending that the Court grant Plaintiff's motion for judgment on the pleadings and deny the Commissioner's cross-motion for judgment on the pleadings. The Commissioner objected to the Report. For the following reasons, the recommendation to grant Plaintiff's motion is adopted, the case is remanded to the SSA and the Commissioner's motion is denied.

**I.    BACKGROUND**

      The following facts are taken from the administrative record and the parties' submissions.

**A.    Plaintiff's Medical History**

      An undated physician's employability report from Dr. Conrado Aranda when Plaintiff was 39 years-old -- around the year 2000 or 2001-- reports diagnoses of chronic intermittent low back pain, pulmonary sarcoidosis and substance abuse with associated disorders. The report states that Plaintiff was taking the medications Elavil and Gabapentin and advised that Plaintiff

should avoid lifting, bending and prolonged standing.  The report also states Plaintiff should not perform desk work.  In a letter dated November 29, 2004, Dr. Aranda wrote that Plaintiff "has been a patient of mine, and . . . is totally disabled."  In a letter dated November 28, 2000, Dr. Robert Delgado stated that Plaintiff was "totally disabled."

Treatment records from the Department of Veterans Affairs ("VA") from 2010, 2011 and 2012 state that Plaintiff has a history of sarcoidosis and chronic back pain managed through opioids.  MRIs from 2010 show disc herniation at L5-S1, lumbarization of the S1 segment, mild disc desiccation at L4-L5 and L5-S1, mild foraminal stenosis at L4-L5 and moderate right foraminal stenosis at L5-S1.  Reports from 2010 state that Plaintiff has degenerative disc disease at L5-S1 and L4-L5.  An MRI of the cervical spine from 2012 shows multilevel degenerative spondylosis with disc osteophyte complexes, disc herniation at C3-C4, a disc bulge at C4-C5 and mild to moderate foraminal stenosis at C5-C6, C6-C7 and C7-T1.

On December 18, 2013, Dr. Arlene Broska conducted a consultative psychiatric evaluation.  She concluded that Plaintiff's impairments did "not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis."  On the same day, Dr. Marilee Mescon, an internal medicine physician, conducted a consultative examination.  She concluded that although Plaintiff suffered from sarcoidosis and back pain, there were "no limitations" in Plaintiff's "ability to sit, stand, climb, push, pull or carry heavy objects."

**B.     ALJ Proceedings**

The ALJ conducted a hearing on December 9, 2015.  At the hearing, Dr. Ronald Kendrick, an orthopedic medical expert, testified that based on his review of Plaintiff's medical record, Plaintiff could perform the full range of light work. The transcript from the December 9, 2015, proceeding also reflects the following exchange between the ALJ and Plaintiff:

ALJ: Why can't you lift five pounds?
CLMT: Because I have a pinched nerve here, sir, and all of these -- this is numb. I can't feel . . .
ALJ: I have a pinched nerve in my neck. I can lift five pounds, I would imagine you're at least as strong as I am, without even moving my neck a quarter of an inch.

**C.     ALJ's Report**

On March 17, 2016, the ALJ issued a decision, finding that Plaintiff was not disabled under §§ 202(f) and 223(d) of the Act. His opinion followed a five-step process outlined in the administrative guidelines to the SSA to make this determination. At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since January 1, 2000, the alleged onset date. At step two, the ALJ found that Plaintiff suffers from sarcoidosis, degenerative joint disease, rotator cuff tendonitis and posttraumatic stress disorder. At step three, the ALJ determined that Plaintiff's impairments are not severe enough to qualify Plaintiff as disabled. In making this determination, the ALJ afforded "great weight" to the testifying medical expert Dr. Kendrick, "significant weight" to the consultative examiners Drs. Broska and Mescon and "little weight" to treating physician Dr. Aranda. The ALJ concluded that Plaintiff has residual functional capacity to perform the full range of light work. At step four, the ALJ found that Plaintiff has no relevant past work. At step five, the ALJ concluded that Plaintiff is capable of making an adjustment to work that exists in significant numbers in the economy and Plaintiff is therefore not disabled.

**D.     Judge Fox's Report**

On December 17, 2019, Judge Fox issued the Report, recommending that Plaintiff's motion for judgment on the pleadings be granted. The Report found that (1) substantial evidence supported the ALJ's credibility determination; (2) the ALJ gave proper weight to treating physician Dr. Aranda's opinions; (3) the ALJ erred in affording Dr. Kendrick's opinion "great

3

weight" without considering the relevant factors as required under 20 C.F.R. § 404.1527(c); and (4) the ALJ erred in substituting his own opinion for that of a medical expert during the ALJ proceedings.

### E. Commissioner's Objections

In its Objections to the Report, the Commissioner argues that the ALJ implicitly considered the factors in analyzing the weight allocated to Dr. Kendrick's opinion and that the ALJ's stray remarks at the hearing, substituting his own opinion for that of an acceptable medical source, do not warrant a remand.

## II. STANDARD

### A. Reviewing Magistrate Judge Report and Recommendations

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Santiago v. Berryhill*, No. 17 Civ. 5149, 2018 WL 4387554, at *4 (S.D.N.Y. Sept. 14, 2018) (quoting Fed. R. Civ. P. 72(b) and citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

"If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) (quoting 28 U.S.C. § 636(b)(1)). Even when exercising de novo review, a "district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in

its entirety." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x. 230, 232 (2d Cir. 2006) (summary order); *accord Rapaport v. Comm'r of Soc. Sec.*, No. 16 Civ. 2617, 2018 WL 3122056, at *2 (S.D.N.Y. June 26, 2018).

### B. Reviewing ALJ Opinions

A claimant is disabled "if she is unable to . . . engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *McIntyre v. Colvin*, 758 F.3d 146, 149–50 (2d Cir. 2014) (internal quotation marks omitted); *accord Reyes v. Berryhill*, No. 17 Civ. 1851, 2018 WL 3728933, at *4 (S.D.N.Y. Aug. 6, 2018). A disability determination of the ALJ may be set aside only if "it is based upon legal error or is not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *accord Greenhaus v. Berryhill*, No. 16 Civ. 10035, 2018 WL 1626347, at *7 (S.D.N.Y. Mar. 30, 2018). "Substantial evidence is more than a mere scintilla . . . It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 447–48 (2d Cir. 2012) (internal quotation marks removed); *accord Mauro v. Berryhill*, 270 F. Supp. 3d 754, 759 (S.D.N.Y. 2017) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III. DISCUSSION

### A. 20 C.F.R. § 404.1527(c) Factors

The ALJ erred in not considering the factors outlined in 20 C.F.R. § 404.1527(c) before deciding to afford "great weight" to non-treating physician Dr. Kendrick. The regulations state that an ALJ should consider the following factors when determining the appropriate weight to give to a physician's opinion: (1) the frequency of examination and the length, nature and extent

5

of the treatment relationship; (2) the evidence in support of the treating physician's opinion; (3) the consistency of the opinion with the record as a whole; (4) whether the opinion is from a specialist and (5) any other significant factors. 20 C.F.R. § 404.1527(c)(2) – (6). The ALJ must "explicitly consider" the factors outlined in the regulation. *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *accord Tilles v. Comm'r of Soc. Sec.*, No. 13 Civ. 6743, 2015 WL 1454919, at *29 (S.D.N.Y. Mar. 31, 2015).

A consulting physician's opinions or report are typically given limited weight because "consultative exams are often brief, are generally performed without benefit or review of claimant's medical history and, at best, only give a glimpse of the claimant on a single day. Often, consultative reports ignore or give only passing consideration to subjective symptoms without stated reasons." *Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir. 1990); *Marcano v. Berryhill*, No. 16 Civ. 08033, 2018 WL 2316340, at *18 (S.D.N.Y. Apr. 30, 2018).

The ALJ improperly afforded the non-treating physician's opinion "great weight" without considering the factors under 20 C.F.R. § 404.1527(c). The ALJ's opinion states, "[g]reat weight has been given to [Dr. Kendrick's] opinion as he is impartial, reviewed all the evidence, and gave cogent and convincing reasons for his opinion." The ALJ's opinion is silent as to the length, nature and extent of Dr. Kendrick's treatment relationship with Plaintiff and fails to address contradictory evidence in the record. That the opinion identifies Dr. Kendrick as an "orthopedic medical expert" does not sufficiently establish whether Dr. Kendrick is an expert with respect to Plaintiff's specific medical needs. 20 C.F.R. § 404.1527(c)(2) – (6). *See, e.g.*, *Ogirri v. Berryhill*, No. 16 Civ. 9143, 2018 WL 1115221, at *12 (S.D.N.Y. Feb. 8, 2018) (holding that the ALJ erred when her decision cursorily concluded that the physician's opinion was inconsistent with the record as a whole but "made no express mention of the other factors,

nor . . . appear[ed] to have considered them, despite the fact that she was obligated to do so"); *Ramos v. Comm'r of Soc. Sec.*, No. 13 Civ. 3421, 2015 WL 7288658, at *7 (S.D.N.Y. Nov. 16, 2015) (remanding, in part, because the ALJ considered only the "consistency of the [physician's] opinion with the record as a whole" but not the other regulatory factors). Without explanation, the ALJ gave more weight to Dr. Kendrick, a testifying expert who reviewed Plaintiff's medical history, than to consultative physicians Drs. Broska and Mescon, who conducted medical examinations of Plaintiff. Accordingly, the ALJ erred in failing to consider the statutory factors with respect to Dr. Kendrick's opinion.

### B. Functional Capacity Determination

The ALJ improperly substituted his own opinion for that of an acceptable medical source. ALJs may not substitute their own lay opinions in place of professional ones. *See Selian*, 708 F.3d at 419 (stating that the ALJ improperly substituted her own criteria as to what is necessary to establish a fibromyalgia diagnosis without support from medical criteria); *accord Rivera v. Berryhill*, No. 17 Civ. 7177, 2019 WL 692162, at *11 (S.D.N.Y. Jan. 28, 2019).

At the December 9, 2015, proceeding, the ALJ suggested that Plaintiff was capable of performing light work based on the ALJ's own experience. The ALJ stated, "I have a pinched nerve in my neck. I can lift five pounds, I would imagine you're at least as strong as I am, without even moving my neck a quarter of an inch." The ALJ's statement is inconsistent with the administrative record, which repeatedly states that Plaintiff experiences chronic spine pain, and among other things, has degenerative disease in the cervical spine. The ALJ thus improperly substituted his opinion for that of a medical expert and erred in evaluating Plaintiff's residual functional capacity.

## IV. CONCLUSION

For the foregoing reasons, the conclusions in the Report, and the recommendation to grant Plaintiff's motion, are adopted. Accordingly, the Commissioner's motion for judgment on the pleadings is DENIED, and Plaintiff's motion is GRANTED insofar as the case is REMANDED to the ALJ pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 13 and 17 and close the case.

Dated: February 28, 2019
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**